IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARTA TRACK CONSTRUCTORS, INC., | § § § | |
| Plaintiff, | § § | Civil Action No. |
| v. | § § | 3-06-CV-0823-K |
| DALLAS AREA RAPID TRANSIT, | § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Dallas Area Rapid Transit's ("DART") Motion to Dismiss for failure to state a claim upon which relief can be granted. For the following reasons, DART's Motion to Dismiss is **GRANTED**.

**I.      Background**

On September 7, 1999, Plaintiff Marta Track Constructors, Inc. ("Marta") entered into a contract to install certain rail systems for DART as a result of winning DART's Invitation to Bid. Both the bid and the contract contained a term whereby Marta agreed to submit any dispute with DART to an administrative claims procedure and to exhaust all administrative remedies before filing a claim in court.

During construction, a dispute arose between Marta and DART over the cause for slow progress and delay. In accordance with the contractual dispute resolutions procedures, the parties submitted the dispute to the Contracting Officer ("C.O."), who issued a final decision in May 2003. Again in accordance with the contractual

dispute resolutions procedures, Marta appealed the C.O.'s decision by requesting a hearing before an Administrative Law Judge ("ALJ").

Because of the complexity of the dispute, the ALJ divided the hearing into three segments. Segment 1 included Marta's claims for lost productivity, delay damages, and relief from liquidated damages awarded to DART. The ALJ issued a decision on Segment 1 on March 14, 2006, but did not address DART's counterclaim, stating instead that it "can best be judged when Segment 2 is decided." DART has since filed a motion for rehearing regarding the ALJ's decision. Segment 2 involved DART's counterclaim for deficient quality of Marta's work. Although the hearing has occurred for Segment 2, no decision has been issued. Segment 3 was to deal with the quantum, but the ALJ has not held a hearing regarding Segment 3. It is not clear from the record if such a hearing will occur, or if it is still necessary to dispose of the dispute in full.

## II.    Legal Standard

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). However, a motion under Rule 12(b)(6) should be granted only if it appears beyond doubt that the plaintiff could prove no set of facts in support of its claim that would entitle it to relief. *Lefall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994). In determining whether dismissal should be granted, the court must accept all well-plead facts as true and view them in the light most favorable to the

plaintiff. *See Capital Parks, Inc. v. S.E. Adver. and Sales Sys., Inc.*, 30 F.3d 627, 629 (5th Cir. 1994); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994).

III.   **Analysis**

Failure to exhaust administrative remedies is an affirmative defense that the defendant must plead and prove. *Dougherty County. Sch. Sys. v. Bell*, 694 F.2d 78, 80 (5th Cir. 1982). DART argues Marta failed to exhaust its administrative remedies before filing this lawsuit. Under the contracts, Marta was required to file its claim with the C.O., which Marta did. Also in accordance with the contract provisions, Marta appealed the C.O.'s decision by requesting a hearing before an ALJ. The contracts require no further action by Marta to exhaust its administrative remedies. Additionally, DART has offered no further administrative action that Marta must take to exhaust administrative remedies. The Court concludes that Marta has exhausted its administrative remedies.

DART does argue that there has been no final decision from the ALJ which this Court can review. The Court agrees with DART. Although administrative remedies may be exhausted, a court should defer reviewing administrative decisions until there is a final order, unless the plaintiff demonstrates that it will suffer irreparable injury by continuing the administrative proceeding. *American Airlines, Inc. v. Herman*, 176 F.3d 283, 290 (5th Cir. 1999). Mere litigation expense does not constitute irreparable injury. *Id*. An agency's action is not final, and therefore reviewable, unless it is the "consummation" of that agency's decisionmaking

procedure and the action decides a legal right or obligation. *Id.* at 288 (quoting *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997)). The agency's action cannot be interlocutory in nature. *See id.* This policy allows an administrative body to apply its expertise, promotes effective and efficient judicial review by ensuring that such review is of a fully developed factual record, gives an administrative body the opportunity to correct its own errors, and avoids premature interruption of the administrative process. *Miller v. Stanmore*, 636 F.2d 986, 991 (5th Cir. 1981).

The Court cannot consider the ALJ's decision in this case to be final, vesting the Court of jurisdiction. The ALJ has not issued a complete decision regarding the contractual dispute between Marta and DART. Specifically, the ALJ has yet to issue decisions regarding DART's claims that are related to Marta's Segment 1 claims, DART's unrelated claims in Segment 2, and the quantum in Segment 3. Additionally, the ALJ has not ruled on DART's motion for rehearing related to the decision on Marta's claims in Segment 1. Although the ALJ has issued a decision on Segment 1, this decision is not a consummation of the administrative process. *See American Airlines*, 176 F.3d at 288. Thus, the ALJ's decisions related to the contractual dispute are not final, and therefore not reviewable by the Court.

IV.   **Conclusion**

Although Marta exhausted its administrative remedies, there is no final order from the ALJ which can be appealed. For this reason, DART's Motion to Dismiss is

hereby **GRANTED** and the case is **DISMISSED**.

    **SO ORDERED.**

Signed September 14th, 2006

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE